IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-49-BO

| | | |
|---|---|---|
| HUMPHREY A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| SANDERSON FARMS, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint. The appropriate responses and replies have been filed and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

BACKGROUND

Plaintiff filed this action on February 29, 2016, in Lenoir County Superior Court alleging wrongful termination of employment based on race and retaliation in violation of North Carolina public policy. N.C. Gen. Stat. § 143-422.2. Defendant removed plaintiff's action to this Court on April 8, 2016, on the basis of its diversity jurisdiction. 28 U.S.C. §§ 1441;1332. Plaintiff alleges in his complaint that he was hired by defendant as a refrigeration technician in August 2011 and was terminated from his employment on November 5, 2012.

Prior to filing this action in Lenoir County, plaintiff filed *pro se* an action in this Court against defendant alleging discrimination in employment and wrongful termination under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, *et seq.* After denying defendant's first motion to dismiss and permitting plaintiff an opportunity to perfect service, the Court dismissed

plaintiff's first amended complaint by order entered on the Court's docket on November 6, 2015. *Jones v. Sanderson Farms*, No. 4:14-CV-101-BO (E.D.N.C. Nov. 6, 2015). Specifically, the Court found plaintiff's Title VII claims to be time-barred. The Court further denied plaintiff's motion for leave to file a second amended complaint, in which plaintiff, through counsel, sought to dismiss his claims under Title VII and add claims for wrongful discharge under state law. The Court declined to allow the motion to amend as no allegation of diversity of citizenship had been made and the Court would therefore be without subject matter jurisdiction to consider plaintiff's state law claims. *Id.*

DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Defendant asserts first that plaintiff's complaint is untimely. The parties do not dispute that the applicable statute of limitations for common law wrongful termination is three years. *See* N.C. Gen.Stat. § 1–52; *Hall v. Tyco Int'l Ltd.*, 223 F.R.D. 219, 250 (M.D.N.C.2004) ("[A]

2

common-law wrongful-discharge claim must be brought within three years of the date of termination or it is time barred."). The parties further do not dispute that plaintiff's claim accrued on November 5, 2012, and that the three-year period thus expired on November 5, 2015. The instant complaint having been filed on February 29, 2016, was filed beyond the three-year limitations period.

Plaintiff contends that dismissal is inappropriate because the limitations period was equitably tolled and that his complaint was therefore timely filed. Courts applying North Carolina law have recognized that equitable tolling is available to extend limitations periods. *See Aikens v. Ingram*, 524 Fed. App'x 873, 882 (4th Cir. 2013) (applying equitable tolling to § 1983 claims). Equitable tolling provides a method by which to balance the interest of defendants in being noticed of claims against them before the claims are stale and the interests of plaintiffs in vindicating their rights. *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428 (1965). In deciding whether the limitations period was equitably tolled, plaintiff urges the Court to consider whether defendant received timely notice of plaintiff's claim, whether defendant has been prejudiced by the delay of the litigation, and whether plaintiff acted with diligence in pursuing his claim. *Aikens*, 524 Fed. App'x at 882 (citing *Burnett*, 380 U.S. at 429-30).

Although the Court ultimately did not allow plaintiff's second amended complaint to be filed, defendant first received notice of plaintiff's state law public policy claim on September 28, 2015, when plaintiff's counsel moved to file a second amended complaint in the earlier-filed action. *Jones*, No. 4:14-CV-101-BO, DE 39-3; *see also Renegar v. R.J. Reynolds Tobacco Co.*, 145 N.C. App. 78, 85 (2001) (state law wrongful discharge claim and federal employment discrimination claim "constitute independent causes of action with unique elements which must be proven by plaintiff" and thus one does not provide a defendant with notice of the other)

3

(internal quotation and citation omitted). Defendant therefore received notice of plaintiff's public policy claim within the limitations period.

Defendant has proffered that it would be prejudiced by the delay in plaintiff's pursuit of his state law claim as key witnesses would no longer be available. [DE 12]. As to the final factor, the Court finds that plaintiff has not acted with diligence in pursuing his claim. Although plaintiff first sought to file his public policy claim within the limitations period, and the period was arguably tolled during the pendency before the Court of plaintiff's motion for leave to file a second amended complaint, the limitation period was only tolled for thirty-nine days, or until the Court entered on its docket its order denying plaintiff's motion for leave. Plaintiff did not file his state court complaint until February 29, 2016, more than two months after the limitations period extended by tolling would have expired.

Further, plaintiff's actions fail to demonstrate diligence even under an alternative theory by which to calculate the tolling period. Plaintiff's motion for leave to file a second amended complaint in the earlier action asserted that the Court would exercise its jurisdiction over plaintiff's state law public policy claim because of its original federal question jurisdiction over plaintiff's Title VII claim, which plaintiff then sought to dismiss. *Jones*, No. 4:14-CV-101-BO [DE 39-1; DE 40 at 3]. Under plaintiff's theory, the Court's exercise of jurisdiction over plaintiff's state law wrongful discharge under public policy claim would have been pursuant to its authority to exercise supplemental jurisdiction over claims arising out of the same case or controversy as plaintiff's Title VII claim. 28 U.S.C. § 1367(a). If it had been allowed as a claim under supplemental jurisdiction, the limitations period for plaintiff's state law claim would have been tolled during its pendency in this Court and for thirty days after dismissal of the claim. 28 U.S.C. § 1367(d); *Huang v. Ziko*, 132 N.C. App. 358, 362 (1999) (applying § 1367(d) grace

4

period to state law claims involuntarily dismissed by federal court with federal question jurisdiction). The limitations period for plaintiff's state law claim would have then expired sixty-nine days from the November 6, 2015, dismissal. Plaintiff filed his state court action 115 days from the date of dismissal, and his actions thus do not exhibit diligence. Finally, the Court would note that at any time during the pendency of the federal Title VII action plaintiff could have filed this complaint in state court and avoided the statute of limitations problem. *Huang*, 132 N.C. App. at 362.

The Court finds an absence of diligence and sufficient prejudice to defendant such that tolling of the limitations period is unwarranted. Plaintiff's claim is barred by the applicable statute of limitations.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 9] is GRANTED. This action is DISMISSED in its entirety and the clerk is DIRECTED to close the file.

SO ORDERED, this 2 day of September, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5